**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

DOUGLAS BILSKY,                          )
                                         )
      Plaintiffs,                       )  **Case No.:**
                                         )
      v.                                )  **COMPLAINT AND DEMAND FOR**
                                         )  **JURY TRIAL**
MRS ASSOCIATES d/b/a MRS BPO, LLC,       )
                                         )  **(Unlawful Debt Collection Practices)**
      Defendant.                        )
                                         )

## COMPLAINT

DOUGLAS BILSKY ("Plaintiff"), by and through his counsel, KIMMEL & SILVERMAN, P.C., alleges the following against MRS ASSOCIATES d/b/a MRS BPO, LLC ("Defendant").

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from unlawful debt collection practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Michigan, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Davison, Michigan 48423.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation specializing in debt collection with its principal place of business located at 1930 Olney Avenue, Cherry Hill, New Jersey 08003.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was contacting Plaintiff concerning an alleged consumer debt.

11. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes as Plaintiff has no business debt.

12. Beginning in or around April 2014, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone number in its attempts to collect the alleged debt.

13. Defendant's collectors called from numbers, including but not limited to, (810) 471-4577. The undersigned has confirmed that this number belongs to Defendant.

14. Defendant's collectors called Plaintiff's telephone number on average one to three times per day; as well as on Saturdays.

15. At all relevant times, Plaintiff demanded that Defendant stop contacting him.

16. Despite Plaintiff's demand not to be contacted, Defendant's calls persisted.

17. Once Defendant was aware that Plaintiff did not wish to be contacted there was no legitimate reason for additional calls, other than for the purposes of harassment.

18. Frustrated by Defendant's repeated harassing calls, Plaintiff retained legal counsel.

19. Plaintiff's counsel sent Defendant a Letter of Representation, via certified mail, that advised Defendant to cease and desist from communicating with Plaintiff and to direct all future correspondence to Plaintiff's counsel. See Exhibit "A," Letter of Representation with Cease and Desist notice.

20. According to the USPS tracking system, Plaintiff's counsel's letter was received by Defendant on May 19, 2014. See Exhibit "B," USPS Tracking Information.

21. Despite being notified that Plaintiff was represented by legal counsel and in blatant disregard of Plaintiff's counsel's cease and desist notice, Defendant continued to communicate directly with Plaintiff.

22. Specifically, Defendant sent Plaintiff a collection letter, dated January 6, 2015, in which it acknowledged receiving a correspondence regarding Plaintiff's collection account. See Exhibit "C," January 6th Collection Letter.

23. Defendant's actions, as described herein, were taken with the intent to harass, abuse, and coerce payment from Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED § 1692b(6) OF THE FDCPA**

24. A debt collector violates section 1692b(6) of the FDCPA by communicating with

3

any person other than the consumer's attorney after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.

25. Defendant violated section 1692b(6) of the FDCPA when it continually communicated directly with Plaintiff after having knowledge that Plaintiff was represented by an attorney with regard to the alleged debt.

## COUNT II
## **DEFENDANT VIOLATED § 1692c(a)(2) OF THE FDCPA**

26. A debt collector violates section 1692c(a)(2) of the FDCPA by communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

27. Defendant violated section 1692c(a)(2) of the FDCPA when it continually communicated directly with Plaintiff, after having knowledge that Plaintiff was represented by an attorney with regard to the alleged debt, and without obtaining Plaintiff's or his attorney's consent.

## COUNT III
## **DEFENDANT VIOLATED § 1692c(c) OF THE FDCPA**

28. A debt collector violates section 1692c(c) of the FDCPA by communicating

4

PLAINTIFF'S COMPLAINT

further with the consumer with respect to a debt after being notified in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer.

29. Defendant violated section 1692c(c) of the FDCPA when it continually communicated with Plaintiff, after being served a cease and desist notice in writing.

## COUNT IV
## **DEFENDANT VIOLATED § 1692d OF THE FDCPA**

30. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

31. Defendant violated § 1692d when it placed repeated harassing telephone calls to Plaintiff's cellular telephone; when it continued to call Plaintiff's cellular telephone after being advised that its calls were unwanted; when it continued to communicate with Plaintiff after being provided with a written cease and desist notice; when it continued to communicate directly with Plaintiff after being advised that Plaintiff was represented by legal counsel; and, when it engaged in other conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff.

## COUNT V
## **DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA**

32. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

33. 40. Defendant violated section 1692d(5) of the FDCPA when it placed harassing telephone calls to Plaintiff causing his telephone to ring repeatedly and continuously with intent to annoy, abuse, or harass.

## COUNT VI
## **DEFENDANT VIOLATED § 1692f OF THE FDCPA**

34. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

35. Defendant violated § 1692f when it harassed Plaintiff; when it failed to update its records to reflect that Plaintiff was not to be communicated with after receiving notice in writing; and, generally, when it used unfair or unconscionable means to collect the alleged debt.

WHEREFORE, Plaintiff, DOUGLAS BILSKY, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DOUGLAS BILSKY, demands a jury trial in this case.

Respectfully submitted,

DATED: January 22, 2015

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: abennecoff@creditlaw.com